**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable A. Bruce Campbell**

| | | |
|---|---|---|
| In re | ) | |
| SCOTT ALAN DeGRAFF | ) | Case No. 11-33233 ABC |
| SSN: xxx-xx-7219 | ) | Chapter 11 |
| Debtor. | ) | |

ORDER DISMISSING CHAPTER 11 CASE

     Before the Court is the Suggestion of Death and Motion for Substitution of Parties ("Motion") filed by Steven L. DeGraff, personal representative of the probate estate of Scott Alan DeGraff ("PR DeGraff"). PR DeGraff is the brother of the Debtor, Scott Alan DeGraff ("Debtor"), who, prior to his death, was the debtor in this Chapter 11 case. Debtor was acting as debtor-in-possession since the commencement of this case on September 30, 2011.

     On November 24, 2011, Debtor died. On December 16, 2011, the Probate Court in the 9th Judicial District for Colorado (Pitkin County) appointed PR DeGraff as the personal representative of the Debtor's probate estate.

     PR DeGraff now seeks to be substituted for his brother not just as "debtor" but as "debtor-in-possession" for his brother's bankruptcy estate. PR DeGraff filed his Motion on December 19, 2011 relying on Fed.R.Bankr.P 1016[1] as authority for his request. Rule 1016 of the Federal Rules of Bankruptcy Procedure provides that the death of a debtor in a Chapter 7 shall not "abate" the liquidation case. If the debtor in a Chapter 11, 12 or 13 dies, the rule provides that the case may be dismissed and "if further administration is possible and in the best interest of the parties, the case may proceed . . .."

     On December 22, 2011, D&R's Aspen Retirement Plan, LLC ("D&R") filed its Preliminary Response to Suggestion of Death and Motion for Substitution of Parties ("Preliminary Response"). D & R, the defendant in a section 547 recovery adversary proceeding commenced by the Debtor, urges the Court to dismiss this case.

     In addition to D & R's Preliminary Response, Debtor's counsel, Kutner Miller Brinen, P.C. ("Counsel") filed a Motion to Set Status Conference requesting a "status conference" to

---

[1] PR DeGraff also cites Fed.R.Bankr.P. 9014 and 9010. Rule 9014 makes certain rules governing adversary proceedings applicable to "contested matters." It is not clear that the matter before the Court is a "contested matter." Regardless, the federal rule PR DeGraff cites as authority for his "substitution," Fed.R.Civ.P 25, does not speak to the question of whether a personal representative who substitutes for a party, particularly a debtor, can substitute as "debtor-in-possession" if that debtor is a debtor-in-possession in a Chapter 11.

     Rule 9010 permits "a debtor, creditor, equity security holding, indenture trustee, committee or other party" to appear with or without counsel, but prohibits that party from performing any act constituting practice of law through an authorized agent, attorney in fact, or proxy. Thus, neither rule provides support for PR DeGraff's request to be substituted as debtor-in-possession.

address the issues presented by the Debtor's death and PR DeGraff's Motion. Debtor's counsel seeks guidance on whether Counsel can continue to represent the personal representative, if substituted for their client, and clarifying operating issues, such as use of estate income and payment of estate expenses.

In light of the Motion, D & R's Preliminary Response and Counsel's request for a status conference, this Court issued its Order to United States Trustee and All Parties in Interest ("Order") on January 12, 2012, at Docket # 52. The Order quoted Rule 1016 and highlighted the Advisory Committee's Note to the rule that if the debtor dies in a Chapter 11 reorganization, the likelihood is that the case will be dismissed. The Order afforded the United States Trustee ("UST") and all parties in interest 14 days to file a statement of their position regarding further administration of this case under Chapter 11. The Order further admonished the parties in interest:

> . . . [I]f the Court receives no statement of position from the United States Trustee or any party in interest by said time, and there is no pending Motion to Convert this case to a case under Chapter 7, or Motion to Appoint a Chapter 11 Trustee, the Court may enter an order dismissing this case.

The UST, PR DeGraff and several creditors, including D & R, filed responses to the Order. The UST takes the position that the case should continue as a Chapter 11 because of the pending recovery action against D & R. The UST does not speak to the propriety of whether a personal representative of a probate estate, who is appointed by, and subject to the authority of, a state probate court, can step into the shoes of a debtor-in-possession, the fiduciary for a bankruptcy estate.

D & R, whose interest is served by dismissal of this case, relies on the Advisory Committee Note to Rule 1016 and what it refers to as the rule's "presumption" in favor of dismissal. The focus of D & R's argument, however, is on the viability of a reorganization in this case. D & R too does not address "whether further administration is *possible*."

The creditors other than D & R argue that this case should continue in a Chapter 11 because it is in their best interest to do so. The preference recovery action commenced by the Debtor is the primary source for creditor repayment in this Chapter 11 case. If the Chapter 11 case is dismissed, the adversary case would be dismissed also. None of the responses, however, address whether a probate estate can act as the fiduciary for a bankruptcy estate and whether any statute provides authority for such a "substitution." [2]

Rule 1016 suggests that when a chapter 11 debtor dies, the case may be continued in Chapter 11 "if further administration *is possible and in the best interest of the parties*"

---

[2] One creditor asserts without any analysis or legal authority that the personal representative of the probate estate "steps seamlessly into the Debtor's capacity as representative of the estate." See Statement of Position Regarding Continuance of Case filed on January 23, 2012 at Docket #56.

(emphasis added), and does not address whether a personal representative for the deceased debtor may act as the debtor-in-possession, the fiduciary of a bankruptcy estate.

Having reviewed the Bankruptcy Code, case law and the cases cited in the papers of the parties, this Court concludes that a probate estate may not act as debtor-in-possession in the Chapter 11 case of a deceased debtor. See e.g. *In re Erickson*, 183 B.R. 189 (Bankr.D.Minn.1995). A Chapter 11 case of a deceased debtor who is debtor-in-possession can continue in Chapter 11 only if a trustee is appointed.

There is no authority for this Court to appoint a trustee *sua sponte*. Such request must be brought on by the motion of a party in interest. This Court's Order directed to the UST and parties in interest stopped short of inviting them to file a motion for appointment of a trustee, if it was their view the case should be continued in Chapter 11. Notwithstanding that suggestion, no motion has been filed. Thus, continuance in Chapter 11 without a Chapter 11 trustee is not "possible." Accordingly, it is

ORDERED that the Motion for Substitution filed by Steven L. DeGraff is DENIED; and it is

FURTHER ORDERED that this case be and is hereby DISMISSED.

DATED: February 2, 2012

BY THE COURT:

_____
A. Bruce Campbell
United States Bankruptcy Judge

3